| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS CORPUS CHRISTI DIVISION |
|---|---|

SHANE DESCANT, et al. §
§
*Plaintiffs*, §
§
v. § No. 2:22-cv-00308
§
CTCI AMERICAS, INC., et al., §
§
*Defendants.* §

**PLAINTIFFS' MOTION PARTIAL JUDGMENT ON THE PLEADINGS AS TO CERTAIN AFFIRMATIVE DEFENSES**

In accordance with Fed. R. Civ. P. 12(c), Plaintiffs request that the Court dismiss the affirmative defenses in paragraphs 7 and 13 of Defendant CTCI Americas, Inc.'s (referred to as "CTCI") Answer. (*See*, CTCI's Answer (Doc. 46) at 6, 7.)

**I. Background**

This is a straight-time-for-overtime case. Generally speaking, the plaintiffs claim that CTCI paid them at the same hourly rate for all of the hours they worked, whether more or less than 40 per week. In response, CTCI claims, by way of certain affirmative defenses, that, even the plaintiffs' allegations are true, it is still not liable, in whole or in part, because they are exempt and/or because it had a good-faith

belief that its pay practices did not violate the law.[1, 2] (*See*, CTCI's Answer (Doc. 46) at 6, 7.) However, since those defenses were not adequately plead, they must be dismissed under Rule 12(c).

## II. Argument & Authorities

### A. Standard of Review

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when, taking all allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Stanley v. Trs. of Cal. State Univ.*, 443 F.3d 1129, 1133 (9th Cir. 2006); *see also*, *Mares v. Wood Group Mustang, Inc.*,

---

[1] Affirmative defenses are defenses of confession and avoidance; they "plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations [in] the complaint are true." *Fed. Dep. Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987) (citing *Gomez v. Toledo*, 446 U.S. 635, 640-41 (1980)). In other words, "the pleading of an affirmative defense puts the plaintiff on notice that matters extraneous to his prima facie case are in issue and ordinarily allocates the burden of proof on the issue [to the party pleading the defense]." *Id.* (citing *Kouba v. Allstate Ins. Co.*, 691 F.2d 873 (9th Cir. 1982)).

[2] "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense[.]" Fed. R. Civ. P. 8(c). "[A]ffirmative defenses are subject to the same pleading requirements"—and must be plead with the same factual specificity—as a complaint. *Tran v. Thai*, No. H-08-3650, 2010 U.S. Dist. LEXIS 17946, at *3-*4 (S.D. Tex. Mar. 1, 2010). More specifically, a party must do two things vis-à-vis affirmative defenses: (1) identify the affirmative defense and (2) and plead facts that, if true, would entitle the party to prevail on it. *Id.* at *3-*4. Anything short of that will not do. *Id.* When a party fails to adequately plead affirmative defenses, it waives them. *Day v. McDonough*, 547 U.S. 198, 202 (2006); *Ingraham v. U.S.*, 808 F.2d 1075, 1078 (5th Cir. 1987); *see also*, *Renfro v. City of Emporia*, 948 F.2d 1529, 1539 (10th Cir. 1991) (failure to plead FLSA exemption defense prior to filing motion for summary judgment resulted in waiver); *see also*, *Magana v. Northern Mariana Islands*, 107 F.3d 1436, 1446 (9th Cir. 1997) (holding that district court erred in granting summary judgment on administrative exemption because defendants raised it three months after filing answer); *Prinze v. Greate Bay Casino Corp.*, 705 F.2d 692, 694 (3d Cir. 1983); *see also*, *Hogue v. Gyarmathy & Assoc., Inc.*, No. 2:10-cv-195, 2010 U.S. Dist. LEXIS 68826, at *3 (M.D. Fla. Jun. 21, 2010) (defendant cannot merely state that a plaintiff is exempt; must identify the particular exemption(s) upon which it intends to rely *and* set forth sufficient facts to make the exemption(s) plausible).

No. H-14-089, 2015 U.S. Dist. LEXIS 1018, at *3 (S.D. Tex. Jan. 6, 2015) (Rosenthal, J.) (discussing standard for judgment on the pleadings under Rule 12(c)). A Rule 12(c) motion for judgment on the pleadings is "functionally identical" to—and evaluated under the same standard as—a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989); *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 381 (5th Cir. 2013) ("A Rule 12(c) motion is subject to the same standards as a motion to dismiss under Rule 12(b)(6).") (citations and quotations omitted); *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209-10 (5th Cir. 2010) (same); *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010) (same); *Doe v. MySpace*, 528 F.3d 413, 418 (5th Cir. 2008) (same); *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (same); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 330 n.8 (5th Cir. 2002) (same).

In ruling on a motion under Rule 12(c), the Court may not look beyond the pleadings.[3] Fed. R. Civ. P. 12(d); *see also*, *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). And in cases where, as here, a plaintiff is challenging the adequacy of an affirmative defense, the essential inquiry is whether the defendant has both (1)

---

[3] In other words, it does not matter that a defendant may have included extraneous information about its defenses in motions or discovery responses because Rule 12(d) expressly prohibits their consideration in the context of a motion for judgment on the pleadings. Fed. R. Civ. 12(d). On top of that, the Fifth Circuit has unequivocally held that a party cannot rely on extraneous material to correct a deficiency in a pleading. *Funding Sys. Leasing Corp. v. Pugh*, 530 F.2d 91, 96 (5th Cir. 1976) ("When the defendant has waived his affirmative defense by failing to [adequately] allege it in his answer … he cannot revive the defense in a memorandum in support of a motion for summary judgment.").

specifically invoked the affirmative defense(s) on which it intends to rely in its answer as required by Rule 8 (and complied with the heightened pleading requirements of Rule 9, if applicable) *and* (2) "set out facts [in the answer] in support of [the affirmative defense(s)] that[, if true] would defeat the complaint [and that are] sufficient to withstand a Rule 12(b)(6) challenge." *Hughes v. Napleton's Holdings, LLC*, No. 15-cv-50137, 2016 U.S. Dist. LEXIS 155202, at *5-*6 (N.D. Ill. Nov. 9, 2016) (citations and quotations omitted) (emphasis added); *see also*, *id*. at *5 ("An affirmative defense asserts that even if the allegations of the complaint are true, additional facts[, which must be plead,] excuse the defendant from some or all liability." (citations and quotations omitted)). If a defendant has plead no facts in support its affirmative defense, it generally must be dismissed. *Id*.

**B. CTCI Has Plead No Facts in Support of Its Exemption Defense(s)**

The ultimate decision that the plaintiffs are exempt is a legal conclusion. *Lott v. Howard Wilson Chrysler-Plymouth, Inc.*, 203 F.3d 326, 330-31 (5th Cir. 2000). At best, that is all CTCI included in its answer: a legal conclusion. (*See, e.g.*, CTCI's Answer (Doc. 46) at 7 ("Plaintiffs' claims are barred because the work performed falls within exemptions, exclusions, exceptions, or credits provided for in the FLSA. 29 U.S.C. §§ 207, 213(b), 213(b)(1).").) "While legal conclusions can provide the framework of a[n affirmative defense], *they must be supported by factual allegations*." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (emphasis added); *Tran v. Thai*, No. H-08-3650, 2010 U.S. Dist. LEXIS 17946, at *3-*4 (S.D. Tex. Mar. 1, 2010) (Rosenthal,

J.) (affirmative defenses subject to same pleading requirements that apply to complaints); *Hogue v. Gyarmathy & Assoc., Inc.*, No. 2:10-cv-195, 2010 U.S. Dist. LEXIS 68826, at *3 (M.D. Fla. Jun. 21, 2010) (defendant must identify the particular exemption(s) upon which it intends to rely *and* set forth sufficient facts to make the exemption(s) plausible). Applying that universally-accepted standard here, CTCI should have stated the factual basis for the exemption(s) on which it intends to rely. *Hogue*, 2010 U.S. Dist. LEXIS 68826 at *3. CTCI, though, said nothing. (*See*, *id*.) Its exemption defense(s) must therefore be dismissed under Rule 12(c).

**C. CTCI Has Plead No Facts in Support of Its Good Faith Defense(s)**

There are two separate good-faith defenses under the FLSA. "The first defense, under 29 U.S.C. § 259(a), provides a [complete] defense to FLSA liability if 'the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation' of the Wage and Hour Division of the Department of Labor." *Tran*, 2010 U.S. Dist. LEXIS 17956 at *5. "The second defense, under 29 U.S.C. § 260, would allow [CTCI], if found liable, to avoid paying liquidated damages if [it] can show 'that the act or omission giving rise to such action was in good faith and that [it] had reasonable grounds for believing that [its] act or omission was not a violation of the [FLSA]." *Id*. In this case, CTCI has plead both defenses. (*See*, CTCI's Answer (Doc. 46) at 6.) But instead of providing the *factual* basis for them, it has "merely repeated the statutes in [its] answer[,]" which will not do. *Id*. Simply

– 5 –

put, CTCI "know the bases for [its] affirmative defenses that [it] relied on a regulation, order, ruling, approval, or interpretation of the Wage and Hour Division and that [it] acted in good faith[,]" and it needed allege facts in its answer in support of those defenses that, if true, would defeat the complaint and that are sufficient to withstand a Rule 12(b)(6) challenge. And "legal conclusions, elements of a cause of action [or affirmative defense], and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). CTCI's good-faith defense(s) must therefore be dismissed under Rule 12(c).

### III. Conclusion

Plaintiffs should be able to determine the particular FLSA exemptions that CTCI claims and the factual bases form them all from its answer. The same is true for the company's good-faith defense(s). Since they cannot—and since a party with the burden of proof on an issue cannot rely legal conclusions devoid of factual enhancement in its pleadings—CTCI's exemption and good-faith defenses (CTCI's Answer (Doc. 46) at 6, 7) must be dismissed under Rule 12(c).

Respectfully Submitted,

MOORE & ASSOCIATES
440 Louisiana Street, Suite 1110
Houston, Texas 77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

By: */s/ Curt C. Hesse*
Curt Hesse
Tex. Bar. No. 24065414

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

As required by Fed. R. Civ. P. 5(a)(1), I certify that I served a copy of this document on all parties or their attorney(s) of record—who are listed below—in accordance with Fed. R. Civ. P. 5(b) as follows:

> Mr. Christopher Moore
> christopher.moore@ogletree.com
> OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
> 701 Poydras Street, Suite 3500
> New Orleans, Louisiana 70139
> *Attorneys for CTCI Americas, Inc.*
> - ☐ mail
> - ☐ personal delivery
> - ☐ leaving it at ☐ office ☐ dwelling
> - ☐ leaving it with court clerk
> - ☐ electronic means
> - ☐ other means
> - ☒ CM/ECF system

| June 25, 2024 | /s/ Curt C. Hesse |
|---|---|
| Date | Curt Hesse |