Case 2:22-cv-00308   Document 107   Filed on 02/10/25 in TXSD   Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
February 10, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SHANE DESCANT, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:22-CV-00308 |
| § | |
| CTCI AMERICAS, INC. § | |

**ORDER ADOPTING MEMORANDUM AND
RECOMMENDATION IN PART AND
DEEMING AFFIRMATIVE DEFENSES OF
<u>FLSA EXEMPTIONS TO HAVE BEEN PLED</u>**

Pending before the Court are Plaintiffs' Motion for Judgment on the Pleadings (D.E. 71) and Plaintiffs' Motion for Partial Summary Judgment (D.E. 88). Also pending is Defendant's Motion for Summary Judgment (D.E. 89). On January 3, 2025, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R, D.E. 102), recommending that Plaintiffs' motions be denied, Defendant's motion be granted, and this action be dismissed. Plaintiffs timely filed their objections (D.E. 104) on January 17, 2025. Defendant responded to those objections. D.E. 106.

**STANDARD OF REVIEW OF
MAGISTRATE JUDGE'S RECOMMENDATION**

The district court conducts a de novo review of any part of a magistrate judge's disposition that has been properly objected to. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general

1 / 12

objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (discussing pro se petitioner's objections to M&R), *overruled on other grounds Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).[1]  As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

Defendant's motion seeks summary judgment that Plaintiffs are exempt from the requirements of the FLSA because they are highly compensated, executive, or administrative employees under 29 U.S.C. § 213(a)(1), paid in compliance with the terms of 29 C.F.R. §§ 602(a), 604(a), (b).  D.E. 89.  Plaintiffs' first motion (D.E. 71) seeks to eliminate the affirmative defenses of good faith and any FLSA exemption due to insufficient pleading.  In their second motion (D.E. 88), Plaintiffs seek partial summary judgment, again complaining of the pleading and also stating that the FLSA exemptions are not supported—or are conclusively defeated—by the evidence.

The Magistrate Judge recommended that the Court (1) deny Plaintiffs' motions to the extent that they complain of a failure to plead the exemptions because the sparse

---

[1] *See also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) (discussing pro se petitioner's objections to M&R) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *Jones v. Hamidullah*, No. 2:05-2736, 2005 WL 3298966, at *3 (D.S.C. Dec. 5, 2005) (noting a pro se petitioner's M&R objections were "on the whole . . . without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [M&R]."). In explaining the policy supporting this rule, the Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

pleading did not amount to a waiver, and (2) grant Defendant's motion for summary judgment and deny Plaintiff's motion for partial summary judgment because the evidence supports the exemptions as a matter of law. The Court now addresses Plaintiff's objections to those recommendations.

### 1. Plaintiffs' Rule 12(c) Motion for Judgment on the Pleadings (D.E. 71)

Defendant pled that Plaintiffs cannot recover under the FLSA because they are exempt employees, citing 29 U.S.C. § 213(b), (b)(1). D.E. 46, p. 7, ¶ 13. Plaintiffs challenged this pleading, arguing that it is not supported by factual allegations and the citations reference exemptions that do not apply.[2] The M&R and Plaintiffs' objections address the parties' varying arguments, including: (a) advocating for a strict application of Rule 12(c) to obtain a judgment on the pleadings; (b) the better practice of using Rule 12(f) to strike individual defenses; (c) various viewpoints on the standard and scope of review; (d) pleading standards as they differ between a plaintiff's complaint and a defendant's affirmative defense; (e) the lack of surprise or unfair prejudice; and (f) apparent gamesmanship through delay in addressing the issue. D.E. 102, pp. 2-5; D.E. 104, pp. 3-10.

The Court approaches this issue differently. In responding to Plaintiffs' Rule 12(c) motion, Defendant asserted—and Plaintiff did not controvert—that the parties had full notice of the exemptions that the motion seeks to bypass and freely conducted discovery

---

[2] The § 213(b) exemptions apply to maximum hour requirements in industries not at issue here. There is no dispute that this citation in the answer was an error. The issue is whether the citation limited the more general reference to FLSA exemptions.

on them. *See* D.E. 77, p. 11; *see also*, D.E. 77-1, 77-2, 77-3, 77-4 (discovery requests inquiring into all exemptions, pay practices, and employee job duties as well as good faith). In responding to Plaintiffs' Rule 12(c) motion, Defendant requested leave to amend its answer to conform its pleading of affirmative defenses to those that were fully disclosed in discovery. D.E. 77 p. 12. Plaintiffs did not respond to that request to amend when Defendants made it.

The Magistrate Judge found the correct FLSA exemptions to have been developed by pretrial discovery (D.E. 102, pp. 4-5) and Plaintiffs have not objected to that finding. Instead, Plaintiffs argue only that the Court must turn a blind eye to the discovery proceedings as extraneous to the Rule 12(c) analysis. D.E. 104, p. 7. This amounts to using a procedural technicality to eliminate known affirmative defenses. Focusing only on their Rule 12(c) motion and under the guise of its standard of review—along with being first to file—they seek to dictate to the Court whether or when the Court can consider the Rule 15 request to amend.

The Federal Rules of Civil Procedure are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Pleading amendments may be permitted at any time before trial, during trial, and even after judgment. Fed. R. Civ. P. 15(b). And the Court has discretion to address motions and requests in any order it deems appropriate for case management. *See generally, June Med. Servs., L.L.C. v. Phillips*, No. 22-30425, 2022 WL 4360593, at *2 (5th Cir. Sept. 28, 2022) (citing *In re*

*Deepwater Horizon*, 988 F.3d 192, 197 (5th Cir. 2021) (per curiam)). Plaintiffs' position is not consistent with the administration of justice under Rule 1 or the Court's discretion to manage its docket.

The Magistrate Judge recommended as an alternative holding under Rule 15 that this Court grant Defendant's request for leave to amend its affirmative defenses. D.E. 102, p. 5 n.4. Plaintiffs did not object to the Magistrate Judge's alternative recommendation (or the supporting findings). *See* D.E. 104. The Court **ADOPTS** the Magistrate Judge's findings and recommendation as to the Rule 15 request and **GRANTS** the motion to amend (D.E. 77). The Court **DEEMS** Defendant to have pled the relevant affirmative defenses, including its good faith and that Plaintiffs fall under the FLSA exemptions for highly compensated executive or administrative employees, pursuant to 29 U.S.C. § 213(a).

Therefore, the Court:

- **DISREGARDS AS MOOT** the M&R's analysis of the Rule 12(c) motion (D.E. 71).

- **OVERRULES AS MOOT** all of Plaintiff's objections directed to the analysis supporting the recommended disposition of the Rule 12(c) motion (D.E. 71).

- **DENIES AS MOOT** Plaintiff's Rule 12(c) motion (D.E. 71) because Defendant is deemed to have amended its answer to plead the relevant affirmative defenses, preventing the requested judgment on the pleadings.

- **ADOPTS** the Magistrate Judge's recommendation (D.E. 102, p. 5 n.4) to which there was no objection and **DENIES** Defendant's request for attorney's fees for having to defend against the Rule 12(c) motion.

## 2. Defendant's Motion for Summary Judgment on FLSA Exemptions

To prevail on summary judgment that Plaintiffs were exempt from FLSA overtime provisions, Defendant must show that they were paid on a salary basis, at a statutorily-prescribed minimum level, and that they performed duties consistent with the exemptions. *Venable v. Smith Int'l, Inc.*, 117 F.4th 295, 299, 301 (5th Cir. 2024) (addressing highly compensated employee and executive exemptions).

### a. Salary Basis

Plaintiffs object to the M&R's recommendation that the evidence conclusively established that they were paid on a salary basis rather than an hourly basis. D.E. 104, pp. 10-13. In support of their argument, they cite defense testimony and offer letters indicating that Plaintiffs' salary was calculated on the basis of a certain hourly rate for each Plaintiff and, therefore, weekly pay reflected only hours worked. Plaintiffs argue that any other conclusion in the M&R is contrary to the evidence, reflects a weighing of the evidence that is not permitted in summary judgment procedure, or reverses the established burden of proof to disadvantage Plaintiffs.

Plaintiffs rely largely on *Gentry v. Hamilton-Ryker IT Solutions, L.L.C.*, 102 F.4th 712 (5th Cir. 2024). However, the Magistrate Judge considered *Gentry* in detail and found that it was distinguishable on the facts and actually supported finding Defendant's pay

practices in this case to reflect a salary basis. D.E. 102, pp. 24-27. While disagreeing with the M&R on this point, Plaintiffs do not point out any error in the factual distinctions made between this case and *Gentry* or in the ways the Magistrate Judge found that the case supported Defendant's practices as consistent with a salary basis. The Court has reviewed *Gentry* and agrees with the Magistrate Judge's analysis.

The testimony on which Plaintiffs here rely regarding the hourly rate does not contradict a salary basis. It demonstrates how the amount of the annual salary was initially arrived at and the rate at which Plaintiffs were to be paid for straight time overtime. There is no dispute that the evidence showed that Plaintiffs had never been paid less than their weekly salary for any purpose inconsistent with a salary basis, much less that deductions were "so frequent as to make the salary the functional equivalent of an hourly wage." *See In re Wal-Mart Stores, Inc.*, 395 F.3d 1177, 1189 (10th Cir. 2005) (discussing *Thomas v. Cnty. of Fairfax*, 758 F. Supp. 353 (E.D. Va.1991) (in which the biweekly paycheck did not represent a salary basis because it was calculated differently every time, based on the employee's shift rotation and time in "pay status," which constantly varied)).

Plaintiffs argue that the M&R ignores the evidence of computation of pay on an hourly basis or otherwise weighs the evidence against giving effect to the hourly computation testimony. But the evidence of hourly rate computations in the context here does not logically extend to any issue that affects the salary basis test. To say that one can look at gross pay, divide it by the hourly rate, and arrive at 40 hours worked does not negate the fact that the employee was paid a salary for 40-hour workweeks. This testimony does

not address any reduction of pay in a 40-hour workweek to demonstrate that the reduction was improperly based on hours worked.  By the same token, the testimony does not address whether additional monies represent anything other than permissible straight time overtime.  Without applying the hourly rate testimony to specific pay adjustments, it is nothing more than an affirmation of the base rate on which the salary was calculated.  It is therefore insufficient to controvert Defendant's evidence that Plaintiffs were paid on a salary basis or raise a disputed issue of material fact.

The Court **OVERRULES** Plaintiffs' objections that the M&R arrived at the wrong conclusion regarding the import of the hourly computation testimony, weighed the evidence contrary to summary judgment procedure, or impliedly shifted the burden of proof to Plaintiffs.

Plaintiffs further object to the salary basis conclusion by resurrecting their argument that an employee who is at-will cannot be guaranteed a salary because the employment relationship can change or end at any time.  D.E. 104, pp. 13-16.  The objection does not point out with specificity any error in the M&R's analysis.  And it does not address the authorities on which the Magistrate Judge relied.  As Defendant observes, Plaintiffs "simply copy and paste their same unpersuasive case law from their Motion for Partial Summary Judgment."  D.E. 106, p. 14.

Mere disagreement with the M&R's analysis and rehashing of failed arguments is insufficient to state an objection.  Instead, an objection must point out with particularity the alleged error in the Magistrate Judge's analysis.  Otherwise, it does not constitute a

proper objection and will not be considered. Fed. R. Civ. P. 72(b)(2); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003); *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (finding that right to de novo review is not invoked when a petitioner merely reurges arguments contained in the original petition). Plaintiff's objection based on the at-will employment relationship is **OVERRULED**.

Plaintiffs object to the Magistrate Judge's conclusion that the issue of whether a reasonable relationship existed between the guaranteed amount and the amount actually earned was moot. D.E. 104, p. 17. This objection is based on Plaintiffs' disagreement regarding the treatment of the hourly computation evidence addressed above. Because the Court concludes that Plaintiff's view of the legal effect of the hourly computation evidence is erroneous, the Court **OVERRULES** the objection addressed to the reasonable relationship test.

### b. Salary Level

The Magistrate Judge found that the required salary levels were proven and there are no objections to this part of the analysis.

### c. Exempt Administrative or Executive Duties

Plaintiffs' objections regarding duties applicable to the exemptions are first premised on their argument that the exemptions were not adequately pled and cannot support a judgment. D.E. 104, pp. 17-18. The Court has already noted that these issues are deemed pled and have been the subject of discovery. Plaintiffs have not indicated any inability to address the affirmative defenses on the merits, having filed their own motion

for partial summary judgment motion in that regard. The pleading issue does not support a rejection of Defendant's motion. Those objections are **OVERRULED**.

Plaintiffs also object, without reference to specific errors in the M&R's analysis, that there are disputed issues of fact on the question of Plaintiffs' duties such that summary judgment is precluded and/or that the Court is weighing evidence contrary to the summary judgment standard of review and burden of proof. D.E. 104, p. 18. In that regard, it cites its own previous briefing, which is insufficient to direct this Court to any specific error in the Magistrate Judge's analysis. *Malacara*, 353 F.3d at 405; *Edmond*, 8 F.3d at 293 n.7.

Similarly, the objections state in conclusory form that the duties were not corporate or managerial in nature, citing *Dewan v. M-I. L.L.C.*, 858 F.3d 331 (5th Cir. 2017). *Dewan* addressed the exempt status of mud engineers who executed drilling mud plans developed by the project engineer by testing drilling mud to determine compliance with specifications and making recommendations to the company man. As the *Dewan* opinion notes, that case involved fact issues as to whether the employees' primary duties were office-related or manual labor and whether they exercised independent judgment or discretion.

Here, the Magistrate Judge listed Plaintiffs' respective duties, describing how they fit the parameters of the respective exemptions. Plaintiffs have not identified any factual error in recounting what their responsibilities were. They have not explained why those duties should be interpreted as income-generating commodities rather than as managerial and supervisory oversight, discretionary authority, and/or company-level decision-making. Plaintiffs' argument is conclusory and is **OVERRULED**.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiffs' objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiffs' objections and **ADOPTS IN PART** as its own the findings and conclusions of the Magistrate Judge, as set out above. In sum, the Court:

- **DEEMS** Defendant to have amended its answer to assert its affirmative defenses under 29 U.S.C. § 213(a) consistent with its briefing of the summary judgment motions.

- **DENIES AS MOOT** Plaintiff's Rule 12(c) motion (D.E. 71) because Defendant is deemed to have amended its answer to assert the relevant affirmative defenses.

- **ADOPTS** the Magistrate Judge's recommendation (D.E. 102, p. 5 n.4) and **DENIES** Defendant's request for attorney's fees for having to defend against the Rule 12(c) motion.

- **ADOPTS** the Magistrate Judge's recommendation (D.E. 102, pp. 19-32) and **GRANTS** Defendant's motion for summary judgment (D.E. 89) and **DENIES** Plaintiff's motion for partial summary judgment (D.E. 88).

- **DISMISSES WITH PREJUDICE** this action in its entirety.

**ORDERED** on February 10, 2025.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE